## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SIGMA-ALDRICH CO., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1158 RLW |
| | ) |
| NICHOLAS L.J. SPITTLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to open this Case and File Pleadings and Documents under Seal (and for Oral Argument on this Motion) (ECF No. 3). Upon review of the motion and memorandum, the Court will grant the motion, in part, and deny the motion, in part.

Plaintiff Sigma-Aldrich Co., LLC ("Sigma") filed this action in federal court under seal on July 28, 2015 against Defendants Nicholas L.J. Spittler ("Spittler") and Fuad Naser ("Naser"). (Compl., ECF No. 1) The Complaint alleges Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count I); Violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. §§ 417.450, *et seq.* (Count II); Breach of Contract against Spittler with regard to the Spittler Employment Agreement, Sigma's Business Conduct Policy, Confidential Information Agreement for Temporary/Contract Employee, and Temporary Worker/Independent Contractor Acknowledgement (Counts III-VI); Conversion (Count VII); Violation of Missouri Computer Data Access and Fraud Statute, Mo. Rev. Stat. §§ 569.095, *et seq.* (Count VIII); Breach of Duty of Loyalty against Spittler (Count IX); and Intentional Interference with Contractual

Expectancies (Count X). Plaintiff also attached 35 exhibits to the Complaint. (ECF Nos. 1-1 to
1-35)

On that same date, Plaintiff filed the instant motion to file pleadings and documents
under seal, requesting that the Court seal the entire case. The Court granted several extensions of
time to answer or otherwise plead based on Defendants' representations that the parties were
negotiating the terms of a settlement agreement. However, pursuant to a status conference held
on May 18, 2016, the Court granted Defendants' Eighth Motion for Extension of Time until June
6, 2016 and noted that the Court would not allow any further extensions. (Docket Text Order of
5/18/16, ECF No. 30) On June 8, 2016, Defendants filed an Answer. The case is now ready to
move forward with a Rule 16 Conference, which the Court will set after ruling on the present
motion to seal.

In its Motion to File Pleadings and Documents under Seal, Plaintiff asserts that the
Complaint pertains to Defendants' alleged wrongful taking of confidential and secret
information. Further, Plaintiff contends that the Complaint and attached exhibits contain detailed
descriptions of this information, as well as illustrations, financial information, and projections.
Plaintiff alleges that the disclosure of the confidential, proprietary, and trade secret information
would cause Sigma irreparable harm. Plaintiff maintains that the risk of harm extends to both
the Complaint and exhibits, and to all documents filed in this case. Plaintiff has not supported its
position with any legal authority.

"There is a common-law right of access to judicial records" which applies to judicial
records in civil proceedings. *IDT Corp. v.* eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation
omitted). "This right of access bolsters public confidence in the judicial system by allowing
citizens to evaluate the reasonableness and fairness of judicial proceedings." *Id.* (citation

2

omitted). The right also allows citizens to keep a vigilant eye on the functioning of public agencies and provides a gauge of accountability to the public at large. *Id.* (citations and internal quotations omitted). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that inference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Here, as in *IDT Corp.*, Plaintiff asserts that the Complaint contains confidential and competitively sensitive information covering trade secrets and confidential research. *Id.* The district court in *IDT Corp.* sealed the entire complaint, finding that "the potential harm in unsealing 'confidential and competitively sensitive information' outweighs [the] 'generalized interest in access to the complaint.'" *Id.* at 1224 (quoting the district court opinion). While the Eighth Circuit Court of Appeals found that the district court was justified in sealing confidential information, the court determined that "portions of the complaint may be amenable to public access without jeopardizing the confidentiality of sensitive information . . . ." *Id.* The *IDT Corp.* court also noted that some confidential information may be so embedded in a pleading that line-by-line redaction would be impossible. *Id.* The Eighth Circuit vacated the district court's order denying the motion to unseal the complaint and remanded the case for the district court to determine whether a redaction of confidential business information would be practicable. *Id.*

In the instant case, the Court agrees that the confidential and competitively sensitive information outweighs the public's interest in access to the original Complaint. Therefore, the Court will grant Plaintiff's motion only to the extent that the Complaint and accompanying exhibits will remain under seal. However, the Court relies on the Eighth Circuit opinion in *IDT Corp.* to find that Plaintiff should either file a redacted complaint that will be available to the

3

public or file a memorandum indicating why such redaction is not feasible. Further, while some of the information in the exhibits may be confidential, the undersigned notes that not every exhibit appears to contain confidential and competitively secret information subject to sealing and should instead be filed in the public record. Thus, the Court will also direct Plaintiff to designate which exhibits should remain sealed.

With regard to sealing the entire case, as Plaintiff requests, the Court finds that Plaintiff has failed to demonstrate, and is unable to demonstrate, that the information and documents in the record, consisting mainly of requests for extensions of time and docket text orders, is confidential information that outweighs the public's interest in the common-law right of access. For future pleadings, the parties are directed to follow E.D. Mo. L.R. 13.05(A) pertaining to pleadings and documents filed under seal in civil cases. The Court further finds that oral argument is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to open this Case and File Pleadings and Documents under Seal (and for Oral Argument) (ECF No. 3) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that the Complaint and exhibits in support of the Complaint, Documents 1 through 1-35, shall remain sealed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the remainder of the case, including future pleadings, unless the parties file appropriate motions to file under seal in accordance with E.D. Mo. L.R. 13.05(A).

**IT IS FURTHER ORDERED** that Plaintiff shall file either a redacted complaint or a memorandum stating the reasons why redaction is not feasible no later than **June 20, 2016**.

**IT IS FINALLY ORDERED** that Plaintiff shall file a memorandum with the Court

indicating which exhibits should remain sealed under the guidelines set forth in the above

opinion no later than **June 20, 2016**.

Dated this 9th day of June, 2016.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**